UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SCHWERDTFEGER, | No. 2:16-cv-1441 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT FOX, Warden, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2   § 1915(b)(2).
3         The court is required to screen complaints brought by prisoners seeking relief against a
4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
15  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
16  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
17  1227.
18        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
19  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
22  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
23  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
24  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific
25  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
26  the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93
27  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).
28  In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff challenges the CDC-115 disciplinary report issued November 30, 2015, for his refusal to provide a urine sample for testing. Plaintiff contends that he did not refuse to provide a sample, but rather due to his age, physical disabilities, and medications, he was unable to produce a urine sample in the time provided. Despite naming numerous prison staff in the text of his complaint, plaintiff names the warden as the sole defendant.

First, plaintiff provides no charging allegations as to the warden; rather it appears that any allegations against the warden are solely based on his role as warden.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal

3

connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability. Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

Second, plaintiff directly challenges the validity of his prison disciplinary conviction. For the following reasons, the undersigned finds that a claim challenging the disciplinary conviction is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Under the Supreme Court's decision in Heck, a plaintiff cannot bring a § 1983 claim arising out of alleged unconstitutional activities that resulted in his criminal conviction unless the conviction is first reversed, expunged, set aside, or otherwise called into question. Heck, 512 U.S. at 486-87. If a plaintiff convicted of a crime seeks damages in a § 1983 suit, the district court must therefore "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence; if it would, the complaint must be dismissed." Heck, 512 U.S. at 487. In other words, a § 1983 claim is barred if the "plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (citing Heck, 512 U.S. at 487 n.6). This "favorable termination" rule also applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). Because plaintiff was assessed 30 days of behavioral credits, and the prison disciplinary conviction has not been overturned, his claim for damages directly challenging the prison disciplinary conviction is barred pursuant to Heck.

////

Although it does not appear that plaintiff can cure the pleading deficiencies discussed above, plaintiff is granted an opportunity to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 6, 2017

schw144114n

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | MICHAEL J. SCHWERDTFEGER,              No. 2:16-cv-1441 JAM KJN P

12 |         Plaintiff,

13 |    v.                                  NOTICE OF AMENDMENT

14 | ROBERT FOX, Warden,

15 |         Defendant.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18 filed_____.

19        _____        Amended Complaint
   DATED:
20

21                                          _____
                                            Plaintiff
22